**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2810
_____

JAMES CROMITIE,
                                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
DIRECTOR FEDERAL BUREAU OF PRISONS; WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-20-cv-00991)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2021
Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed February 9, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Cromitie, a federal inmate incarcerated in Allenwood, Pennsylvania, appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his 28 U.S.C. § 2241 petition. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2011, Cromitie was convicted in the United States District Court for the Southern District of New York on federal terrorism-related charges. He filed a direct appeal, which was unsuccessful. In October 2015, in the Southern District of New York, Cromitie filed a motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence, claiming ineffective assistance of counsel. The Court denied the motion.

In June 2020, Cromitie filed a § 2241 petition in the Middle District of Pennsylvania challenging his 2011 conviction. He claimed, among other things, that the federal government lacked jurisdiction to charge, convict, or detain him, a resident of the State of New York. See, e.g., § 2241 Pet., ECF No. 1 at 9. Determining that Cromitie had failed to show that a § 2255 motion would be inadequate or ineffective to address his claims, the District Court dismissed the petition for lack of jurisdiction. See 28 U.S.C. § 2255(e).

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We review the District Court's denial of habeas corpus relief de novo, but we review factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

We agree with the District Court's reasoning and dismissal of Cromitie's § 2241 petition.  As a general rule, a federal prisoner pursuing a collateral challenge to his conviction or sentence must do so by filing a motion pursuant to § 2255 in the court that sentenced him.  See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  If § 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner may resort to § 2241, the general habeas provision, instead.  See U.S.C. § 2255(e).  But to do so, he must meet two conditions: (1) he must assert a claim of actual innocence based on being detained for conduct that has been decriminalized by intervening United States Supreme Court precedent, and (2) he must be barred from presenting such a challenge via § 2255.  Cordaro v. United States, 933 F.3d 232, 239–40 (3d Cir. 2019).

Cromite satisfies neither condition.  He does not allege that an intervening Supreme Court decision has decriminalized the acts for which he was convicted, and he could have raised his claims on direct appeal or in his § 2255 motion before the Southern District of New York.  Accordingly, we will affirm the District Court's judgment.